IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LILI XIMENA MARTINEZ RODRIGUEZ,

    Petitioner,

v.                                                                                 No. 2:25-cv-01294-KG-JFR

DORA CASTRO, et al.,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Lili Ximena Martinez Rodriguez's 28 U.S.C. § 2241 habeas petition, Doc. 1, Petitioner's motion for a temporary restraining order ("TRO"), Doc. 2, and the Government's motion to dismiss. Doc. 14. For the reasons below, the motion to dismiss is denied, the habeas petition is granted, and the TRO motion is denied as moot.

## I. *Background*

Petitioner, a 38-year-old Colombian citizen, entered the United States in 2022 with her husband and daughter. Doc. 1 at 2. She arrived without inspection intending to apply for asylum and was paroled discretionarily by the government in December 2022 with her family. *Id.* at 7. She later filed an asylum claim contending that she needed to escape from an abusive and violent relationship in Colombia. *Id.* Her asylum claim remains pending. Petitioner was apparently charged with shoplifting in January 2023, but the charges were ultimately dismissed in November 2023; the record does not indicate where the charges were filed. Doc. 14 at 3.

U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner without notice or a hearing on November 18, 2025, while she was attending an asylum interview. Doc. 1 at 2. She has been detained since that date, first in New Jersey, then in Texas, and now in New

1

Mexico at the Otero County Processing Center. *Id.*

Petitioner filed a habeas petition and ex parte TRO motion with this Court on December 23, 2025, arguing that her redetention without a predeprivation hearing violates the Immigration and Nationality Act ("INA") and due process principles. Docs. 1–2. She seeks a bond hearing under 8 U.S.C. § 1226 at which the Government bears the burden of proof. *Id.*

The Court held a TRO hearing on January 5, 2025. At the hearing, the Government appeared and argued that the case should be dismissed on jurisdictional grounds because Petitioner requested and received a bond hearing before an immigration judge ("IJ") on December 30, 2025. Doc. 14-2. The Court held the TRO motion in abeyance due to a lack of sufficient information about the bond hearing and gave the Government 10 business days after service to respond to the TRO motion. Doc. 7.

On January 20, 2026, the Government filed a motion to dismiss, arguing again that the Court lacked jurisdiction because of the December 30 bond hearing. Doc. 14. The Government attached to the motion the IJ's ruling denying bond to Ms. Martinez Rodriguez. Doc. 14 -1. That ruling stated the following: "Flight Risk: Arrested for shoplifting and used false name to law enforcement; manner of entry, lack of ties to USA; form or relief." *Id.* Petitioner opposed the motion to dismiss, arguing that the Court still has jurisdiction and that the bond hearing was deficient because she did not receive adequate notice of the hearing; the interpreter services provided during the hearing were insufficient; and the IJ placed the burden of proof on her at the hearing instead of the Government. Doc. 17. The Government filed a reply. Doc. 19.

The Court held a second hearing on the TRO motion and motion to dismiss on January 30, 2026, at which it was confirmed that Petitioner bore the burden of proof at the December 30 bond hearing. Doc. 18. The Court took the matter under advisement and stated that a written

order would follow.

## II.     *Standard of Review*

A TRO "preserve[s] the status quo [ante]" before a final decision on the merits. *Resolution Trust v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992). The status quo is "the last peaceable uncontested status…before the dispute developed." *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 798 n.3 (10th Cir. 2019). A petitioner seeking a TRO "must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest favor relief. *Winter v. NRDC*, 555 U.S. 7, 20 (2008). "[A]ll four of the equitable factors [must] weigh in" the petitioner's favor, *Sierra Club. v. Bostick,* 539 Fed. Appx 885, 888 (10th Cir. 2013), but "[t]he likelihood-of-success and irreparable-harm factors are the most critical." *People's Trust Fed. Credit Union v. Nat'l Credit Union*, 350 F. Supp. 3d 1129, 1139 (D.N.M. 2018). "[R]egardless of whether…notice is provided," a TRO "should not exceed the maximum time allowed by" Rule 65, which is 28 days, "absent consent of the opposing party." *Isler v. New Mexico Activities*, 2010 WL 11623621, at *3 (D.N.M.).

A Rule 12(b)(1) motion to dismiss may present either a facial or factual challenge to subject-matter jurisdiction. A movant may "make a facial challenge to the plaintiff's allegations concerning subject matter jurisdiction, thereby questioning the sufficiency of the complaint," *United Tribe of Shawnee Indians v. United States*, 253 F.3d 543, 547 (10th Cir. 2001), or "present[] evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003). Subject-matter jurisdiction requires an actual, ongoing controversy "at all stages of review," and a claim becomes moot when the Court can no longer grant effectual relief. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67

(1997). When assessing subject-matter jurisdiction, the Court has "wide discretion to" consider "other documents" beyond the complaint. *Shawnee Indians*, 253 F.3d at 547.

### III.     Analysis

For the reasons below, (A) the Government's motion to dismiss is denied, (B) Petitioner's habeas petition is granted, and (C) Petitioner's TRO motion is denied as moot.

#### A.     *The motion to dismiss is denied.*

The Court, first, rejects the Government's jurisdictional arguments and denies the motion to dismiss. At the threshold, the Court concludes that it has jurisdiction to hear Petitioner's habeas petition, despite the December 30 bond hearing. The Government is correct that 8 U.S.C. § 1226(e) states that "discretionary judgment[s]" by immigration authorities "regarding the application" of § 1226 "shall not be subject to judicial review" and that "[n]o court may set aside any action or decision" by immigration authorities under § 1226 "regarding the detention of any alien or the revocation or denial of bond or parole." But 1226(e) "does not preclude…habeas jurisdiction over constitutional claims or questions of law," such as those at issue here. *Garcia v. Hyde*, 2025 WL 3466312, at *5 (D.R.I.) (citation omitted); *see also, e.g.*, *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1178 n.12 (D. Colo. 2024) (concluding that district courts have "jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [petitioner's] agency proceedings, including any claimed due process violation").

Here, Petitioner challenges the Government's policy of detaining noncitizens (including herself) already present in the U.S. without bond under 8 U.S.C. § 1225—she does not challenge the IJ's discretionary bond determinations at the December 30 hearing. *See, e.g.*, *Garcia*, 2025 WL 3466312, at *5 n.7 ("For instance, this Court would not have jurisdiction to review a claim that an IJ, exercising his statutorily-delegated discretion, set an excessively high bond amount."

4

(citation omitted)).

Likewise, the December 30 bond hearing does not render this case moot. In her habeas petition, Petitioner seeks a "hearing before a neutral arbiter in which" *the Government* must "prove[] by clear and convincing evidence that [she] is a danger or flight risk." Doc. 1 at 32. Petitioner has not yet received what she seeks, meaning that she still presents live claims. In granting habeas relief in numerous similar cases across the county, courts (including this Court) have placed the burden on the Government at § 1226 bond hearings—but "under normal circumstances, the burden is on the noncitizen." *Velasquez Salazar v. Dedos*, 2025 WL 2676729, at *6 (D.N.M.). Here, no court order was in place putting the burden on the Government at the December 30 bond hearing, and the parties appeared to agree at the January 30 TRO hearing that Petitioner bore the burden of proof at the bond hearing. Additionally, the record suggests procedural irregularities during the December 30 hearing, including issues with proper notice and adequate interpreter services. Doc. 17. Her claims are therefore still live under mootness doctrine, despite the December 30 hearing. *See, e.g.*, *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019) ("[A]n action is not moot if a plaintiff has a concrete interest, however small, in the outcome."). Accordingly, the Court denies the Government's motion to dismiss.

### B.     *The habeas petition is granted.*

The Court, next, grants Petitioner's habeas petition. The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Title 8 U.S.C. 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." This "provision mandates detention and affords no bond

5

hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, 8 U.S.C. § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention." *Pu Sacvin*, 2025 WL 3187432, at *1.

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here. *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across 50 courts); *see also Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288 (D.N.M.) (Gonzales, J.); *Patel v. Noem*, 2026 WL 103163 (D.N.M.) (Gonzales, J.). Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States." In contrast, § 1225(b)(2)(A)'s detention mandate applies to noncitizens "*seeking* admission." (Emphasis added.) Noncitizens "seeking admission" are those who have not "effected an entry" into the United States. *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Noncitizens "who entered the country years earlier" are not "seeking admission" and fall under § 1226. *Pu Sacvin*, 2025 WL 3187432, at *3.

Under this framework, § 1226 governs Petitioner's detention. ICE arrested Petitioner approximately three years after her initial entry into the United States. Doc. 1. ICE did not apprehend her at the border, but within the U.S. while she was attending an asylum hearing. *Id.* Section 1225's mandatory detention provision therefore does not apply because Petitioner effected entry by living in the United States for approximately three years. *Pu Sacvin*, 2025 WL 3187432, at *3. She is therefore not seeking admission and is entitled to a predeprivation bond

6

hearing under § 1226.  Because she did not receive that predeprivation hearing, and because of the delay caused by the procedurally irregular December 30 bond hearing, the Court concludes that the proper remedy in this case is immediate release from detention.

If the Government attempts to redetain Petitioner, it must provide her with a prompt bond hearing under § 1226 at which the Government bears the burden to prove, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community.  "[U]nder normal circumstances," the burden at a § 1226 hearing "is on the noncitizen" to show that detention is unwarranted—but Petitioner's "unlawful detention...shifts that burden to the Government." *Pu Sacvin*, 2025 WL 3187432, at *3.  A noncitizen's "strong private interest in being free from civil detention" outweighs the Government's "comparatively minimal burden to justify custody." *Id.*

C. *The TRO motion is denied as moot.*

Because the Court grants the habeas petition and orders immediate release from detention, the TRO motion is denied as moot without prejudice, as preliminary injunctive relief is no longer necessary.

IV. *Conclusion*

The Government's motion to dismiss (Doc. 14) is denied, Petitioner's § 2241 habeas petition (Doc. 1) is granted, and Petitioner's TRO motion (Doc. 2) is denied as moot.

The Government shall immediately release Petitioner from detention.

If the Government attempts to redetain Petitioner, it shall provide her with a prompt predeprivation bond hearing under § 1226 at which the Government bears the burden to prove, by clear and convincing evidence, that her detention is justified.  At any such hearing, the Government shall provide Petitioner with sufficient notice of the hearing, including to her counsel, and adequate access to an interpreter.

Both parties shall file a status report with the Court within seven days of this Order confirming that Petitioner has been released from detention.

IT IS SO ORDERED.

/s/ Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.